432 So.2d 833 (1983)
STATE of Louisiana
v.
Robert L. KIMBROUGH.
No. 82-KA-0780.
Supreme Court of Louisiana.
May 23, 1983.
Dissenting Opinion June 27, 1983.
*834 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., L.K. Knapp, Dist. Atty., Frederick Wayne Frey, Eugene Bouquet, Asst. Dist. Attys., for plaintiff-appellee.
C. Thomas Tolbert, Sulphur, for defendant-appellant.
MARCUS, Justice.
Robert L. Kimbrough was charged by bill of information with possession with intent to distribute pentazocine in violation of La. R.S. 40:969(A)(1). After trial by jury, defendant was found guilty of possession of pentazocine and was sentenced to serve five years at hard labor. On appeal, defendant's sole assignment of error is that the trial judge erred in refusing to allow him to file a motion to suppress physical evidence after three state witnesses had testified at trial.
The record reflects the following facts. On August 3, 1981, defendant appeared with court-appointed counsel for arraignment. Defendant entered a plea of not guilty. At this time, counsel told defendant to provide him with the names and addresses of his witnesses and to contact him so that a meeting could be arranged in order to prepare for trial. During the four-month period between defendant's arraignment and his scheduled trial date, December 7, 1981, counsel was unable to reach defendant at the phone number he had provided and neither saw nor heard from him. On December 7, defendant and counsel were present in court and discussed the case. Selection of the petit jury venire commenced at that time. Defendant's case was not called for trial until December 10, 1981, at which time "[a]ll announce[d] ready to proceed with trial." The case was continued to 1:00 p.m. that day at which time the case was again called for trial and "[a]ll announce[d] ready to proceed." Selection and swearing of the jury panel followed. After reading of the information and defendant's plea on arraignment, the state and defendant made their opening statements to the jury. The case was recessed until the next day (December 11) at which time the state began the presentation of its evidence. After the testimony of three of the arresting officers had been completed, defendant moved, outside the presence of the jury, to file a motion to suppress evidence of the drugs seized from him at the time of his arrest. Argument followed.
Defendant argued that even though the motion was not timely filed under La.Code Crim.P. art. 521, it could still be filed under art. 703 because neither he nor his counsel had been aware of the ground of the motion until after the testimony of the state's first three witnesses. Alternatively, he argued *835 that the court should exercise the discretion accorded it under art. 703 and permit the motion to be filed during trial because it was "neither unfair to the State, too costly or too late for a motion to suppress to be heard." He further argued that he would call only two witnesses.
The state objected to the filing of the motion at that time arguing that it would "unduly delay the trial." The state further argued that since the drugs sought to be suppressed were seized at the time of defendant's arrest without a warrant, the burden would be shifted to the state to show that they were validly obtained and that one of the state's witnesses was no longer available for a hearing.
After argument, the trial judge refused to permit defendant to file the motion to suppress the evidence.
La.Code Crim.P. art. 521, at the time of defendant's arraignment on August 3, 1981, provided:
Pretrial motions shall be made or filed within thirty days after arraignment unless a different time is provided by law or fixed by the court at arraignment.
Upon written motion at any time and a showing of good cause, the court shall allow additional time to file pretrial motions.[1]
La.Code Crim.P. art. 703 (motion to suppress evidence) provides in pertinent part:
A. A defendant adversely affected may move to suppress any evidence from use at the trial on the merits on the ground that it was unconstitutionally obtained.
C. A motion filed under the provisions of this Article must be filed in accordance with Article 521, unless opportunity therefor did not exist or neither the defendant nor his counsel was aware of the existence of the evidence or the ground of the motion, or unless the failure to file the motion was otherwise excusable. The court in its discretion may permit the filing of a motion to suppress at any time before or during the trial.
The purpose of these articles is to prevent interruption of trials, avoid the effort and expense of useless trials, and to protect juries from exposure to inadmissible evidence. State v. Taylor, 363 So.2d 699 (La. 1978).
First, it is obvious that defendant was aware of the ground for the motion prior to trial. He was present and fully aware of the circumstances that occurred at the time the evidence was seized and could have related those circumstances to his counsel. Defendant had ample opportunity to consult with his counsel and file a motion to suppress between the time of his arraignment on August 3, 1981 and his scheduled trial date of December 7, 1981, a period of over four months. Defendant's case was not called for trial until December 10, three days later, giving defendant an added opportunity to confer with counsel and file his motion. Yet, defendant did not file the motion until a day and a half into trial. Moreover, one of the state's witnesses was no longer available. In addition, a hearing on the motion would have unduly interrupted the trial. Clearly, defendant's failure to file his motion to suppress prior to trial was inexcusable. Under the circumstances here presented, we do not consider that the trial judge abused his discretion in not allowing defendant to file his motion to suppress.

DECREE
For the reasons assigned, defendant's conviction and sentence are affirmed.
LEMMON, J., concurs and assigns reasons.
CALOGERO, J. dissents and assigns reasons.
LEMMON, Justice, concurring.
An accused may have evidence excluded if the evidence was obtained as a result of *836 an illegal search or seizure. However, since exclusion of such evidence involves constitutional considerations which have nothing to do with the guilt or innocence of the accused or with the integrity of the factfinding process, the Legislature may impose reasonable limitations on the right to invoke the exclusionary rule. See Stone v. Powell, 428 U.S. 465, 468, 96 S.Ct. 3037, 3040, 49 L.Ed.2d 1067 (1976). La.C.Cr.P. Art. 703, which requires the filing of motions to suppress prior to trial, is a reasonable limitation.
In the present case, the circumstances do not justify defendant's failure to comply, despite an adequate opportunity to do so, with the procedural requirements reasonably imposed by the Legislature. Defendant's consequent loss of his right to invoke the exclusionary rule does no harm to the purpose for which the rule was fashioned.
CALOGERO, Justice, dissenting.
I dissent from the majority opinion, being of the view that the trial court erred in refusing to allow defense counsel to file a motion to suppress physical evidence, and because the majority reaches the contrary result by disregarding this Court's prior jurisprudence on this issue.
In State v. Doucet, 359 So.2d 1239 (La. 1978), this Court was confronted with a similar issue, whether an attorney's neglect to timely file a motion to suppress evidence constituted a waiver of the defendant's rights. After noting the reason for the rule, to prevent interruption of a trial to determine a collateral issue as to the legality of the means by which the prosecution obtained its evidence, the Court held:
Such a rationale does not justify denying a defendant an opportunity to assert a claim that his constitutional rights have been violated, unless it can be shown that defendant's failure to file a pretrial motion was a deliberate strategic bypass of the State procedure.
In so holding the Court noted that the interruption of a trial to consider a motion to suppress evidence "will ordinarily be no more time consuming or complicated than those presented to the trial court when it must rule, for example, on the admissibility of ... business records, or evidence claimed to be privileged, or on qualifications of expert or other witnesses."
There is no showing in the instant case that defense counsel deliberately sought to bypass the procedural requirement that such a motion be filed pretrial. To the contrary, it is clear that the matter was not examined or even considered by the defendant or his lawyer until the witnesses had testified concerning the events of the arrest.
After removing the jury from the court room, defense counsel made the following statement concerning the timeliness of the motion:
Mr. Kimbrough's recollection of the events was substantially different from what has been developed on the witness stand after three witnesses. It is now clear to me that a legitimate reason or ground for a motion to suppress evidence in this matter exists, and that the existence of those grounds was not clear to me until this time.
Again, after being questioned by the trial judge, defense counsel stated, in effect, that all the defendant knew was that he was at a certain location, and was arrested. If the defendant in fact had no knowledge of the existence or seizure of any drugs at the time of his arrest, it would be impossible for him to have known the grounds for the motion to suppress or to have informed his attorney of them. To conclude, as does the majority, that because defendant was arrested he must have known of the facts preceding and surrounding his arrest as testified to by the police officers, and consequently of the grounds for the motion, is to presume the defendant's knowledge, complicity and guilt.
It is of course true that defendant was charged with possession of pentazocine with intent to distribute. And by the very nature of the charge defense counsel should have been alerted to the fact that some physical evidence probably existed and that *837 the circumstances of its seizure could be relevant. This is hardly chargeable to defendant such that a waiver of his constitutional rights can be discerned from the record.
Defendant is a 57 year old black male who works only intermittently as a janitor. He was represented by appointed counsel. Counsel was present with defendant when he pled not guilty at his arraignment but did not discuss the case with defendant at that time. Counsel merely told the defendant to get back to him with witnesses at some undisclosed future time. Defendant was not told that a motion to suppress the evidence had to be filed within 30 days, nor was he even told that such action was a possibility. Defense counsel did not speak with defendant at all from arraignment until trial some four months later. At that time, if not throughout the four month period, defendant, according to what he told his lawyer, had virtually no recollection of any facts concerning the arrest and seizure, except that he was standing in a parking lot with another man when the police came up and arrested him. There is simply nothing here to support a finding that this defendant waived his right to assert his Fourth Amendment rights and to challenge the legality of the seizure of the evidence that was to be used against him at the trial.
For these reasons I dissent from the majority opinion's affirmance of the decision of the trial judge and disallowing this defendant's filing a motion to suppress evidence at trial. The case should be remanded to the trial court for a hearing on defendant's motion to suppress, reserving to the trial judge the right to grant a new trial should he grant the motion to suppress. Otherwise, the conviction and sentence should be so conditionally affirmed.
NOTES
[1] La.Code Crim.P. art. 521 was amended by Act No. 440 of 1981, effective Sept. 11, 1981 (after defendant's arraignment). The amendment changed the time for filing pre-trial motions from thirty days to fifteen days after arraignment. Defendant's thirty-day period for filing his motion to suppress had expired on September 2, 1981.