PER CURIAM.
A pretrial hearing was held on defendant’s motion to suppress results from an auto-intoximeter breath test. The state did not object to the hearing. The trial judge found that[1] the Louisiana Department of Public Safety Regulations setting forth the guidelines to insure the accuracy of the auto-intoximeter’s test results were not in accordance with the applicable jurisprudence of the state of Louisiana. Cf. State v. Goetz, 374 So.2d 1219 (La., 1979). Specifically, according to the trial court, the state failed “... to bear affirmative and detailed proof that the known alcohol standard used to calibrate the auto-intoximeter was pure *1106 and unadulterated ...” (Tr. 22-23). When the ruling was appealed to the Court of Appeal, Third Circuit, that court did not address the issue decided by the trial court, but reversed on other grounds and remanded to the trial court. Accordingly, the writ is granted with the following order:
IT IS ORDERED that the opinion and order of the Court of Appeal, dated May 25, 1983, 432 So.2d 1186, be set aside insofar as it remands the case to the trial court. It is further ordered that this case be remanded to the Court of Appeal, Third Circuit, with direction to specifically address and decide the issue upon which the motion to suppress was granted by the trial court.
LEMMON, J., concurs and assigns reasons.

. In some instances, the admissibility of the evidence must be challenged by a pretrial motion to suppress, in the sense that failure to file a pretrial motion precludes the defendant from raising the issue at trial. State v. Kimbrough, 432 So.2d 833 (La.1980); La.C.Cr.P. Art. 703 F.