WATSON, Justice.
Defendant, Sammy Joe Johnson, was convicted of simple arson by an eleven to one jury verdict. LSA-R.S. 14:52. He was sentenced to five years at hard labor. Defendant has appealed, arguing five of the nine assignments of error reserved in the trial court.
FACTS
While investigating the fiery destruction of equipment[1] at a Boise Southern site in Vernon Parish, two deputy sheriffs encountered Sammy Joe Johnson. Johnson drove up with black residue on his windshield and a piece of garden hose suitable for siphoning in the back of his truck. He left tire tracks similar to the tracks found near the scene.[2] Johnson subsequently agreed to a voluntary search of his pickup. The garden hose had a diesel fuel odor. A brownish paper towel found in the truck had the same color and texture as one found at the scene of the crime.
On September 5, 1979, after Johnson was arrested, his appointed counsel obtained a reduction in .the amount of his bond. Bond was posted and Johnson resumed his employment at a papermill in Beauregard Parish. The following day, one of the arresting officers, deputy Willard Horton of the Vernon Parish sheriff’s department, contacted Johnson at his job. Horton knew Johnson had a lawyer but:
“[H]is rights were fully protected to the fact that he was advised that he could have his lawyer with him and he said he didn’t — didn’t care to have you with him.” (Tr., Preliminary Examination, p. 16)
Johnson was questioned at the Beauregard Parish sheriff’s office on September 6, 7, and 8, 1979. On September 7, Johnson drove his own truck to the sheriff’s office. After signing a written waiver of his rights,[3] Johnson verbally admitted that he *1143 had burned the equipment at the Boise Southern site. This oral confession took place during a six hour interrogation. Johnson refused to give a recorded statement, because he wanted to talk to his wife first. After “he had talked it over with his wife,” (Tr. 259), Johnson refused on September 8 to give a written or recorded statement.
ASSIGNMENTS OF ERROR NUMBER ' ONE AND TWO
Defendant moved to suppress physical evidence and the oral confession he made on September 7, 1979. He contends the trial court erred in sustaining a state timeliness objection to a hearing on his motion.
As of the preliminary examination on September 13, 1979, counsel for defendant was aware of the evidence and oral statement in question. Defendant was arraigned on November 10, 1980. The motion to suppress was filed on January 5, 1981.[4] Trial commenced on March 29, 1982.
LSA-C.Cr.P. arts. 521 and 703 provide that a motion to suppress must be filed within fifteen days after arraignment absent good cause or excuse for later filing. Prior to a 1981 amendment of Article 521, the time period was thirty days.
At the time of defendant’s crime, on August 31, 1979, Act No. 746 of 1978 allowed a motion to suppress to be filed either three judicial days or fourteen calendar days before trial, depending on notice. Act 431 of 1980 incorporated the thirty day limit of Article 521 into Article 703. The effective date of the Act was September 12, 1980. As a procedural change, the Act was not limited to prospective effect. Defendant had approximately three months after the effective date of the Act to file his motion. See State v. Kimbrough, 432 So.2d 833 (La., 1983). Under Act 431 of 1980, the motion was untimely.[5] Defense counsel had been aware of the ground for the motion since the preliminary examination on September 13, 1979. Thus, the delay was not justified by ignorance of the ground for the motion, or other excuse.
Prior to introduction of the physical evidence and defendant’s oral inculpatory statement, hearings were held outside the presence of the jury and the court concluded that the state had laid a proper foundation for introduction of the evidence. On the question of the voluntariness of the oral confession, the court ruled:
“that the evidence establishes that at all times prior to giving any statement, Mr. Johnson, was adequately advised by the interviewers that he had a right to remain silent, that he had a right to have counsel present, that if he could not afford counsel, counsel would be appointed for him.... the record will reflect that counsel had been appointed to him prior to this time. That he was advised that he did not need to participate in any interview or answer any questions without the presence of counsel. And, that the interview would cease the moment he expressed a desire for counsel, which I believe is sufficient to protect his rights.
*1144 I have invited the defense to offer me any evidence to counter the evidence that has been offered to indicate that he was so advised and that he never requested the presence of counsel. And, I believe that he could elect to proceed without the presence of his counsel at that time....” (Tr. 248-249)
Since the issues which would have been considered at a hearing on the motion to suppress were decided by the trial court without the presence of the jury, any error in failing to order a hearing on the motion to suppress was harmless. State v. Ordonez, 395 So.2d 778 (La., 1981).
These assignments lack merit.
ASSIGNMENT OF ERROR NUMBER FIVE
Defendant contends that the oral confession he made on September 7, 1979, should not have been allowed in evidence because: the state erroneously stated in the answer to motion for discovery that the statement was given on September 6 instead of September 7; the state represented in its bill of particulars that it had no statements by the defendant in its possession; and the statement was obtained in violation of defendant’s constitutional rights.
The prosecutor’s notice of intention to use the defendant’s statement referred to it as given “on or about the sixth day of September, 1979, at the Beauregard Parish Sheriff’s Office_” (Tr. 162) Defense counsel had been on notice since the preliminary examination on September 13, 1979, that the sheriff’s office had obtained an oral statement from Johnson “around” the seventh of September. (Tr. 15) Defendant has shown no prejudice from what was apparently an inadvertent error by the state.
The answer in the bill of particulars was in response to an inquiry about written or tape recorded statements. This statement was oral.
The important issue in the appeal is whether the oral statement was obtained from Johnson in violation of the right to counsel guaranteed by the Constitution of the United States and Art. 1, § 13, of the Louisiana Constitution which states in pertinent part:
“At each stage of the proceedings, every person is entitled to assistance of counsel....”
Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964) held that there was a denial of right to counsel when defendant’s damaging conversation was recorded in the absence of counsel while he was free on bail. Defendant in Massiah did not know his conversation was being recorded, and could not have waived his right to counsel. However, in the instant case Johnson signed a written waiver of his right to have counsel present during the interrogation. Compare Johnson v. United States, 529 F.2d 581 (8 Cir., 1976), cert. denied 426 U.S. 909, 96 S.Ct. 2233, 48 L.Ed.2d 835 (1976) where defendant also had an appointed lawyer but refused to sign a written waiver of his rights, and the court held that the state had nonetheless carried its burden of showing a knowing and intelligent waiver of the right to remain silent. In United States v. Brown, 569 F.2d 236 (5 Cir., 1978) defendant was also out on a bond and enroute to a preliminary hearing when she was questioned by the F.B.I., and the court held that there was a valid waiver of the right to the presence of counsel.
Moore v. Wolff, 495 F.2d 35 (8 Cir., 1974) stated:
“If an accused can voluntarily, knowingly, and intelligently waive his right to counsel before one has been appointed, there seems no compelling reason to hold that he may not voluntarily, knowingly, and intelligently waive his right to have counsel present at an interrogation after counsel has been appointed.” 495 F.2d at 37.
Although “the practice of interviewing prisoners in the absence of their attorneys” is undesirable, the right to have counsel present can be waived. State v. Siegel, 366 So.2d 1358 at 1360 (La., 1978). See United States v. Cobbs, 481 F.2d 196 (3 *1145 Cir., 1973), cert. denied 414 U.S. 980, 94 S.Ct. 298, 38 L.Ed.2d 224 (1973); United States v. Springer, 460 F.2d 1344 (7 Cir., 1972), cert. denied 409 U.S. 873, 93 S.Ct. 205, 34 L.Ed.2d 125 (1972); and Coughlan v. United States, 391 F.2d 371 (9 Cir., 1968), cert. denied 393 U.S. 870, 89 S.Ct. 159, 21 L.Ed.2d 139 (1968). There was no evidence that Johnson’s counsel had asked arresting officer Horton not to question his client. State v. Cotton, 341 So.2d 355 (La., 1977). Compare Brewer v. Williams, 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977). Johnson offered no testimony to rebut the state’s evidence of a knowing and voluntary waiver of the right to counsel. See United States v. Zamarripa, 544 F.2d 978 (8 Cir., 1976), cert. denied 429 U.S. 1111, 97 S.Ct. 1149, 51 L.Ed.2d 566 (1977).
The trial court did not err in finding a voluntary and knowing waiver by defendant of his right to the presence of counsel.
This assignment lacks merit.
ASSIGNMENT OF ERROR NUMBER SIX
Defendant contends that a motion for mistrial should have been granted when the prosecutor during rebuttal argument, picked up a fuel can (Exhibit S-21) and a fuel lid (Exhibit S-7) and said he would show a connection. A defense objection was sustained.
The fuel lid had been found at the scene of the crime and the prosecution had attempted to link the fuel can to defendant. It is argued that the two were completely dissimilar and disassociated and the action of the assistant district attorney was highly prejudicial.
The trial court recognized that the prosecutor’s act and statement were prejudicial but stated that the prejudice could be cured by an admonition. The jury was told to ignore “the suggestion and the action of the prosecuting attorney.” (Tr. 271)
There was no abuse of discretion in the conclusion that an admonition was sufficient to secure the defendant a fair trial. LSA-C.Cr.P. art. 771; State v. Belgard, 410 So.2d 720 (La., 1982). The dissimilarity of the two exhibits would have detracted from any prejudicial effect.
This assignment lacks merit.
ASSIGNMENT OF ERROR NUMBER SEVEN
Defendant contends that the nonunani-mous verdict is unconstitutional. This assignment lacks merit. Apodaca v. Oregon, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972); Johnson v. Louisiana, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972); State v. Jones, 381 So.2d 416 (La., 1980); State v. Langendorfer, 389 So.2d 1271 (La., 1980), State v. Belgard, 410 So.2d 720 (La., 1982); State v. Graham, 422 So.2d 123 (La., 1982).
For the foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.
CALOGERO, J., concurs.
DENNIS, J., concurs with reasons.

. The equipment was valued at almost |400,000. (Tr. 274)

. The tracks were left by a vehicle with “street tread” tires on the front wheels and "mud grip tires" on the rear wheels. (Tr. 213) One tire had a worn place on the side.

. State Exhibit 28:
“YOUR RIGHTS
Place BPSO Ext. 14
Date 9/7/79_
Time 12:15 p/m
“Before we ask you any questions, you must understand your rights.
“You have the right to remain silent.
“Anything you say can be used against you in court.
“You have the right to talk to a lawyer for advice before we ask you any questions and to have him with you during questioning.
“If you cannot afford a lawyer, one will be appointed for you before any questioning if you wish.
“If you decide to answer questions now without a lawyer present, you will still have the right to stop answering at any time. You also have the right to stop answering at any time until you talk to a lawyer.
“I have been read my rights by Deputy Sheriff Bartlett as written above, and I fully understand what my rights are. I can X cannot_read *1143 and write the English language. I have received 9 years of formal education.
(Witnesses) Sammy J. Johnson
(Witnesses) Signature
WAIVER OF RIGHTS
“I have read this statement of my rights and I understand what my rights are. I am willing to make a statement and answer questions. I do not want a lawyer at this time. I understand and know what I am doing. No promises or threats have been made to me and no pressure or coercion of any kind has been used against me.
(Witness) Signed Sammy J. Johnson
(Witness)
Time 12:17 p/m ”

. At that time, a trial date of January 12, 1981, had been set.

. Defendant conceded that the motion was untimely and argues that he was not aware of the grounds for the motion until it was filed.