HERBERT A. CADE, Judge Pro Tern.
Fleury was initially arrested September 25, 1986, and soon thereafter was charged with commission of numerous armed robberies and burglaries. He retained counsel, who on October 28, 1986 filed a motion for a preliminary examination. Later that same day Fleury was released into custody of police detectives and accompanied to police headquarters, where he confessed to his involvement in the crimes.
June 3, 1987 Fleury filed a motion to suppress his confession. In his motion he suggested, as he now suggests to this Court, that he confessed only after having refused on two separate prior occasions to discuss the crimes, and only after the state reinitiated interrogation, while counsel was not present, and induced him to do so. Relying on Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and State v. Loyd, 425 So.2d 710 (La.1982), he argues that his right to remain silent was thereby abridged. He also argues he was denied his right to counsel, citing Connecticut v. Barrett, — U.S. -, 107 S.Ct. 828, 93 L.Ed.2d 920 (1987), Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981) and United States ex rel. Espinoza v. Fairman, 813 F.2d 117 (7th Cir.1987).
We have only Fleury’s testimony at the hearing on his motion to suggest that interrogation was initiated on two prior occasions and that he did not on either occasion wish to cooperate. He testified he was not questioned when first arrested, but that “in May or October ... early October” he was taken by “some detectives” to police headquarters and asked about a burglary. He claimed the detectives returned and again took him to police headquarters “the days afterward. About two weeks." He testified he knew he had the right to remain silent and refused to answer questions on both occasions. He did not remember the names of the detectives.
It was also Fleury’s testimony that on the third occasion he understood he had the right not to answer questions and the right *207 to have an attorney present. He testified he finally confessed when promised a light sentence and after being told a co-defendant had already given a statement.
Only one police officer was called to testify at the hearing. He stated that on October 28, 1986 he obtained a court order to transfer Pleury from prison to police headquarters for questioning, that he had not on any prior occasion questioned Pleu-ry, and that to his knowledge no other police officer had done so. This officer testified that Pleury was read his rights first upon arriving at police headquarters, and again just prior to giving the statement, and that at no time during questioning did Pleury indicate he wished questioning to cease. He further testified that Fleury was neither threatened, nor coerced, nor promised anything in exchange for his statement, and that Pleury did not indicate he had retained counsel or that he wanted counsel present. The waiver of rights form, signed by Pleury, was identified by Fleury and admitted into evidence.
On this record we cannot conclude that Fleury’s constitutional rights were infringed. Rather, it appears that faced with conflicting testimony, the trial court chose to believe the police officer. Absent corroboration of Pleury’s claim that he twice refused to speak with the police, and we are advised by counsel that despite diligent effort no such evidence exists, we do not think the trial court erred in disbelieving Pleury, and do not think the ‘reinitiation’ eases are controlling.
In respect of Pleury’s second contention, we will assume from retention and appearance of counsel on October 28, 1986, that the right to counsel was invoked, but conclude, on this record, that this right was intelligently and voluntarily waived. See State v. Johnson, 442 So.2d 1141 (La.1983).
The judgment of the trial court denying the motion to suppress is affirmed.
AFFIRMED.