LABORDE, Judge.
Defendant, Donald Ray Ned, was charged by bill of information with one count of simple burglary in violation of La.R.S. 14:62. A jury of six found defendant guilty as charged and he was sentenced to serve eight (8) years at hard labor with credit for time served. On appeal, defendant alleges the following three (3) assignments of error:
1. The trial court erred in failing to appoint an expert at defendant’s request to testify on the effects of drug addiction as they relate to the voluntariness of defendant’s statement.
2. The trial court erred in denying the defendant’s request to file a motion to suppress.
3. The trial court erred in ruling that defendant’s statement was free and voluntarily given.
ASSIGNMENT OF ERROR NO. 1
In this assignment of error defense counsel contends it was error for the trial judge to refuse to appoint an expert at his request to testify as to defendant’s ability to give a free and voluntary statement during a period of “extensive drug use and/or withdrawal.”
Defendant contends his statement given on January 21, 1986, was not free and voluntary because he was suffering from withdrawal symptoms associated with drug addiction. Therefore, he did not possess sufficient mental ability to voluntarily waive his constitutional rights. During a continuation of a “451 hearing”[1] to allow defendant an opportunity to show why he felt the statement should not be admitted, defendant took the stand and testified regarding his drug use. Prior to December of 1985, defendant had been using drugs approximately five to seven years. About four or five times daily defendant would use drugs such as Preludes, “Tee’s,” “Blue’s” and cocaine. Although incarcerated from 1982 until 1984, defendant was still able to get the same drugs that were available to him on the street. After his release from prison in 1984, defendant continued to use the same kinds of drugs with the same frequency of use up to the time of his arrest in December of 1985. At the time of giving his statement, defendant contends he was suffering from withdrawal symptoms associated with drug addiction. He contends he was sweating, shaking, and in need of more drugs.
Defendant maintains that the trial judge should have appointed an expert to testify as to how defendant’s drug addiction and withdrawal symptoms may have affected his ability to freely and voluntarily waive his constitutional rights. The trial judge exercised his discretion and decided defendant had not made a prima facie showing of a need to appoint an expert. The trial *11 judge’s decision not to appoint an expert was based on several reasons. First, the trial judge could “detect no discernable difference in his — at least vocal demeanor at the time that he gave the statement to the police officers and the testimony that he gave here today.” Second, the trial judge felt defendant was being “less than candid” with the court because defendant was unable to recall what he told the police during the statement, but was able to recall in detail what occurred prior to and after the recording of the statement. When the trial judge spoke of what occurred prior to and after the statement, he was referring to defendant’s inferences that promises were made to him before the tape recorder was turned on and the fact that defendant was released from jail the same day after having given his statement. Third, defendant did not indicate that he did not understand the consequences of his actions. The final reason given by the trial judge was that defendant’s statements that he was suffering from withdrawal symptoms was contradicted by both officers present during the statement.
After a review of the testimony and the trial judge’s reasons for denying defendant’s request that an expert be appointed, we conclude that the trial judge did not err in denying defendant’s request. This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 2
It is contended that the trial judge erred in denying defendant’s request that he be allowed to file a motion to suppress the night before the trial. As defendant is an indigent, Howard DeJean was originally appointed to represent defendant. After expressing dissatisfaction with Mr. DeJean, defendant received a new court-appointed attorney, Mr. Alfred Boudreaux. Once again defendant expressed his dissatisfaction with Mr. Boudreaux and the court appointed Edward Lopez on the eve of the scheduled trial to assist in the case.
After familiarizing himself with defendant’s case, Mr. Lopez felt it was in the best interest of defendant to file a motion to suppress the statement. On December 4, 1986, Mr. Lopez and Mr. Boudreaux appeared in court on behalf of defendant for trial. Prior to trial, Mr. Lopez made a request that he be allowed to file a motion to suppress defendant’s statement. Although his request was denied, the trial judge allowed defendant to present his version of why the statement should be suppressed by permitting defendant to continue the 451 hearing.
La.C.Cr.P. art. 703(C) deals with the time in which a motion to suppress must be filed and it provides: “A motion filed under the provisions of this Article must be filed in accordance with Article 521, unless opportunity therefor did not exist or neither the defendant nor his counsel was aware of the existence of the evidence or the ground of the motion, or unless the failure to file the motion was otherwise excusable. The court in its discretion may permit the filing of a motion to suppress at any time before or during the trial.” Thus it is within the trial court’s discretion whether to permit the filing of an untimely motion to suppress. Because Mr. Lopez was appointed on the eve of the scheduled trial, the opportunity did not exist for him to file the motion prior to that time. However, defendant had a prior attorney and was later represented by Mr. Boudreaux and either attorney could have filed the motion within the delays allowed by La.C.Cr.P. art. 521. Nevertheless, it is still within the discretion of the trial court whether to allow an untimely motion to be filed.
In State v. Johnson, 442 So.2d 1141 (La.1983), the defendant made a request to file an untimely motion to suppress physical evidence and an oral confession. The State objected to a hearing on that motion which was sustained. Defendant contended the trial court erred in sustaining the objection. Prior to the introduction of the evidence and confession, hearings were conducted outside the presence of the jury. As a result of the hearings, the court concluded the State had laid a proper foundation for the introduction of the evidence and statement. In concluding the assignment of error lacked merit, the Supreme Court stated “Since the issues which would have been *12 considered at a hearing on the motion to suppress were decided by the trial court without the presence of the jury, any error in failing to order a hearing on the motion to suppress was harmless.” State v. Johnson, supra at 1144. In support of the above quoted statement, the Supreme Court cited State v. Ordonez, 395 So.2d 778 (La.1981), which held that it was not reversible error for the trial court to have refused the filing of a motion to suppress when a hearing was held outside the presence of the jury to determine the voluntariness of a statement and defendant made no showing of prejudice.
While the trial judge did deny defendant’s request to file the motion to suppress, he did allow defendant an opportunity to offer testimony to demonstrate why he felt the statement should not be admitted by continuing the 451 hearing. Although continuing the 451 hearing was unusual, it served the same purpose as a hearing on a motion to suppress because defendant was permitted to offer evidence to show why the statement should not be admitted. Based on the holdings of Sftate v. Johnson, supra, and State v. Ordortez, supra, the trial judge in this case did not err in denying defendant’s request to file a motion to suppress. This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 3
The defendant argues that his confession was not free and voluntary because he was suffering from withdrawal symptoms caused by prior drug use. He further claims that police made promises to “help” him if he made a statement.
Defendant testified that he used various drugs at a frequency of four to five times daily for approximately five to seven years prior to December, 1985. At the time of giving his statement, defendant contends he was suffering from withdrawal symptoms (sweating and shaking) associated with drug addiction because of not having access to drugs for four or five days prior to giving the statement.[2] Defendant’s claim that he was suffering from withdrawal symptoms while giving his statement was contradicted by the testimony of two policemen present during the taking of the statement. Detective Valenta testified defendant was not sweating nor did he appear nervous. Assistant Chief of Police Donald Smith also responded negatively when asked if defendant was sweating or suffering from withdrawal symptoms.
State v. Bouffanie, 364 So.2d 971 (La.1978), involved a defendant who similarly claimed that his confession was made while he was having symptoms of drug withdrawals and that the police refused him medical assistance until he would make a statement. In affirming the defendant’s conviction, the Louisiana Supreme Court set forth the burden that the state must meet before a confession can be introduced:
“Before a confession or inculpatory statement can be introduced in evidence the State must prove affirmatively and beyond a reasonable doubt that it was free and voluntary and not made under the influence- of fear, duress, intimidation, menaces, threats, inducements or promises.” (citations omitted).
Id. at 973. They also said:
“In reviewing the trial judge’s ruling as to the admissibility of a confession, his conclusions on credibility are entitled to the respect due those made by one who saw the witnesses and heard them testify.” (citations omitted)
Id. at 973. The court then held that the State had sustained its burden of proving voluntariness and had rebutted any evidence brought forth by the defendant that his confession was not voluntary. The evidence used by the State to meet this bur-' den was the testimony of the officers who were present at the time of the defendant’s confession as to his condition when he confessed. Also in State v. Narcisse, 426 So.2d 118 (La.1983); U.S. cert denied, 464 U.S. 865, 104 S.Ct. 202, 78 L.Ed.2d 176 (1983), the Louisiana Supreme Court held *13 that the trial judge’s conclusions as to the voluntariness of a confession will not be overturned on appellate review unless the conclusion is not supported by the evidence: nor will a trial judge’s conclusions of credibility of a witness be disturbed on appeal unless unsupported by the evidence. State v. Narcisse, supra at 126.
The trial judge chose to believe the police officers who testified that the defendant did not appear to be suffering from any drug withdrawal symptoms at the time of making his confession. He also chose to believe the officers’ testimony that they did not make any promises to defendant in regards to getting him help for his problem in exchange for his confessing to this crime. He thus concluded that the State met its burden of proving that the defendant’s confession was free and voluntary. After reviewing the record it cannot be said that these determinations made by the trial court were unsupported by the evidence and thus they will not be disturbed on appeal. The trial judge thus did not err in ruling that defendant’s statement was free and voluntary. Assignment of Error No. 3 lacks merit.
The conviction and sentence of defendant, Donald Ray Ned, is therefore affirmed.
AFFIRMED.

. La.R.S. 15:451 provides:
"Before what purposes [purports] to be a confession can be introduced in evidence, it must be affirmatively shown that it was free and voluntary, and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises.”

. Defendant had been in jail on another charge at the time of making this statement. It is clear from the record that the defendant was advised of his constitutional rights prior to making his statement and he chose to waive them.